UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUBARU OF NEW ENGLAND, INC. *Plaintiff,* | : | |
| v. | : | C.A. No. 075-249-S |
| BALD HILL REALTY CO. d/b/a BALD HILL SUBARU *Defendant.* | : | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR STAY**

Defendant, Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Defendant" or "Bald Hill") hereby moves to dismiss the Complaint filed by the Plaintiff pursuant to Rule 12 (b) (1) of the Federal Rules of Civil Procedure on the grounds that this Court does not have subject matter jurisdiction over Plaintiff's action because the Plaintiff has not alleged sufficient damages and further that this Court should exercise its discretion to abstain from acceptance of jurisdiction over Plaintiff's declaratory judgment in light of the pending administrative proceeding before the Rhode Island Motor Vehicle Dealers License and Hearing Board (the "Board"). In the alternative, Defendant requests that this Court stay this action pending resolution of the state proceedings.

In support of its Motion, Defendant relies upon the accompanying Memorandum of Law and attached exhibits.

Defendant hereby requests oral argument pursuant to LR Cv 7(e) and request one-half hour to argue its motion.

BALD HILL REALTY CO d/b/a BALD HILL SUBARU,
By its attorneys,

/s/ Michael J. McEntee
Michael J. McEntee, Esq.( #2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that the foregoing Defendant's Motion to Dismiss or, in the Alternative, Motion for Stay, was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 7th day of August 2007:

Mitchell R. Edwards
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
medwards@haslaw.com

/s/ Michael J. McEntee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUBARU OF NEW ENGLAND, INC. *Plaintiff,* | : | |
| v. | : | C.A. No. 075-249-S |
| BALD HILL REALTY CO. d/b/a BALD HILL SUBARU *Defendant.* | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR STAY**

Defendant, Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Defendant" or "Bald Hill") hereby moves to dismiss the Complaint filed by the Plaintiff, Subaru of New England, Inc. ("SNE") pursuant to Rule 12 (b) (1) of the Federal Rules of Civil Procedure on the grounds that this Court does not have subject matter jurisdiction over Plaintiff's action because the Plaintiff has not alleged sufficient damages and further that this Court should exercise its discretion to abstain from acceptance of jurisdiction over Plaintiff's declaratory judgment in light of the pending administrative proceeding before the Rhode Island Motor Vehicle Dealers License and Hearing Board (the "Board"). In the alternative, Defendant requests that this Court stay this action pending resolution of state proceedings.

**FACTUAL BACKGROUND**

SNE is the New England manufacturer/distributor[1] of Subaru products, including new motor vehicles. Bald Hill does business in Warwick, Rhode Island as a franchisee

[1] While SNE has alleged in its Complaint that it is not a "manufacturer" subject to the R.I.Gen. Laws § 31-5.1-4, this is the exact statutory construction determination that should be resolved by the Board in the first instance without premature interference from this Court by way of a declaratory judgment. As argued *infra*, the circumstances of this case clearly warrant abstention.

and dealer of Subaru motor vehicles. Bald Hill entered into successive Dealership Agreements with SNE, the most recent with a term of April 1, 2004 through March 31, 2009.

On November 14, 2006, SNE sent Bald Hill a letter entitled: Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement and Intention to Terminate Subaru Dealer Agreement and Franchise. In said letter, SNE enumerated various performance criteria which SNE stated Bald Hill was required to achieve by May 31, 2007, otherwise SNE would send Bald Hill a termination letter terminating Bald Hill's Franchise Agreement with SNE. The performance criteria was unreasonable for various reasons, including the fact that the six month sales objective (288 new Subarus) was nearly equal to the twelve month objective for membership in SNE's 2007 Presidential Club (317 new Subaru sales). Not surprisingly, Bald Hill was unable to meet the benchmarks in said notice as they were patently unreasonable in light of the economic conditions existing during this time period.

SNE violated the notice requirements of R.I. Gen. Laws § 31-5.1-4 (d)(2)(i) & (ii) in that the performance criteria and related mandates set by SNE for Bald Hill were unreasonable. As a result, SNE has failed to provide good cause for the termination in violation of R.I. Gen. LAws 31-5.1-4 (d) and further SNE's action in its termination letter was arbitrary, in bad faith and unconscionable.

By letter dated June 6, 2007, SNE issued Bald Hill a letter of termination with an effective date of September 10, 2007. Bald Hill contends that this termination letter violated various requirements and obligations under the Rhode Island's "Regulations of

Business Practices Among Motor Vehicle Manufacturer's, Distributors and Dealers," R.I.Gen. Laws § 31-5.1-1 *et seq*. (the "Statute")

After receiving the termination letter, Bald Hill engaged in significant efforts to resolve the issues between the parties. In order to accommodate vacation schedules, a settlement meeting was scheduled for July 10, 2007. Nevertheless, by letter dated June 29, 2007, counsel for SNE notified Bald Hill that this Complaint had been filed, but not served. The settlement meeting went forward on July 10, 2007 and a follow up meeting was schedule for July 20, 2007. However, before the parties could meet, on July 19, 2007, counsel for Bald Hill was served with the Complaint.

On August 3, 2007, Bald Hill filed a Complaint with the Board seeking, *inter alia*, a determination that SNE's actions violated the Statute, specifically R.I.Gen. Laws § 31-5.1-4 (d) pertaining to improper and wrongful termination of its dealership agreement, and revocation of SNE's license. A true and accurate copy of this Complaint is attached hereto as *Exhibit 1*.

Plaintiff's Complaint seeks similar declaratory relief from this Court, in that SNE's is requesting that this Court rule that the notice of termination sent to Bald Hill is lawful and proper and that SNE may lawfully terminate Bald Hill's Subaru Dealer Agreement. Essentially, SNE is seeking to obtain a strategic preemptory ruling from this Court in order to forestall a claim by Bald Hill for wrongful termination and breach of contract. Bald Hill submits that this is an inappropriate use of a declaratory judgment action and judicial resources.

Conspicuously absent from Plaintiff's Complaint is a claim for breach of contract or a claim for damages.

## STANDARD OF REVIEW

Defendant asserts that the Complaint must be dismissed pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject-matter jurisdiction over Plaintiff's declaratory judgment claim. In ruling on a Rule 12 (b)(1) motion, a court is not limited to the face of the pleadings. Rather, "a court may consider any evidence it deems necessary to settle the jurisdictional question." *Palazzolo v. Ruggiano*, 993 F. Supp. 45, 46 (D.R.I. 1998) (citing *Aversa v. United States*, 99 F. 3d 1200, 1210 (1st Cir. 1996). It is the Plaintiff's burden to prove the existence of subject-matter jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Once it becomes apparent that the court lacks jurisdiction of the subject matter, the District Court is required to dismiss this action in accordance with Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## LEGAL ARGUMENT

### I. Plaintiff's Complaint Must be Dismissed for Lack of Subject Matter Jurisdiction Since Plaintiff's Complaint Does Not Allege the Requisite Amount of Damages Pursuant to 28 U.S.C. § 1332.

Plaintiff's Complaint alleges that this Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 (a). Defendant does not contest that the diversity requirement is met with respect to the citizenship of the parties, but contends that the Complaint fails to allege sufficient facts to show that "the amount in controversy exceeds the sum or value of $75,000" thereby depriving this Court of subject matter jurisdiction. In this regard, once a defendant questions jurisdiction by challenging the amount of damages alleged in the complaint, the burden shifts to the plaintiff to show that

it is not a legal certainty that the claims do not involve the requisite amount. *Spielman v. Genzyme Corp*., 251 F.3d 1, 5 (1st Cir. 2001).

As a threshold matter, it must be emphasized that a claim for declaratory judgment does not provide an independent basis for federal jurisdiction.[2] *Local Union No, 12004, United Steelworkers of America v. Massachusetts*, 377 F.3d 64, 74 (1st Cir. 2004) (noting that declaratory judgment procedure "does not alter the rules of federal jurisdiction"); *North American Catholic Educational Programming Foundation, Inc.*, 2006 WL 1207670 *4, n. 5 (D.R.I. 2006). "Even if the Declaratory Judgment Act was pleaded properly [which it is not in the instant case]. it does not in itself provide subject matter jurisdiction, but simply provides a remedy for disputes already within the realm of federal jurisdiction. *Cok v. Forte*, 877 F.Supp. 797, 802 (D.R.I. 1995).

Plaintiff's Complaint alleges that the jurisdictional amount is met based upon the statement: "Upon termination, all of Bald Hill's rights in the Subaru Dealer Agreement will revert to SNE, the value of which exceeds $75,000." However, SNE has not alleged any claim for damages for breach of contract, nor any amount actually in controversy with pecuniary consequences to SNE. Any loss would be sustained by Bald Hill, not SNE. In this manner, the facts of this case are readily distinguishable from *Richard C. Young & Co., Ltd. v. Levanthal*, 380 F.3d 1 (1st Cir. 2004). In *Young*, the plaintiff sought a declaratary judgment that arbitration of the parties' dispute should be held in Boston. The defendants, California residents, objected to subject matter jurisdiction on the basis that the amount in controversy did not exceed $75,000. The Court found it had jurisdiction, ruling that the amount in dispute was based on the pecuniary consequences

---

[2] Although SNE has not specifically invoked the Declaratory Judgment Act, 28 U.S.C. § 2201, its Complaint seeks solely declaratory relief.

to the plaintiff which included the additional costs that the plaintiff would incur if it had to arbitrate in California.[3] Here, by contrast, there is no pecuniary amount in dispute: SNE is simply seeking to place this Court's imprimatur on the decision it has already made to terminate Bald Hill's dealership.

"To entertain the case under these circumstances would run afoul with the congressional purpose behind the establishment off the jurisdictional amount: to keep the diversity caseload of federal courts under some modicum of control." *Betancourt v. Bear Stearns & Co., Inc.*, 392 F.Supp. 2d 187, 191 (D.P.R. 2005). Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

## II. This Court Should Abstain from Exercising Jurisdiction Over Plaintiff's Declaratory Judgment Action.

The federal courts have long recognized the principles of comity with state courts and respect for state functions, such that the states should be afforded the opportunity to perform their duty to review the scope and applicability of state statutes. This principle of comity requires:

> [A] proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746 (1971). A number of abstention doctrines have been developed by the federal courts to resolve cases implicating

[3] As a general rule, attorney's fees are excluded from the amount-in-controversy determination because the "successful party does not collect his attorney's fees in addition to or as part of the judgment." *North American Catholic Educational Programming Foundation, Inc.*, 2006 WL 1207670 *5, n.*(quoting from Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).

concurrent jurisdiction considerations. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17, 116 S.Ct. 1712 (1996) (listing the several types of abstention).

When a plaintiff such as SNE seeks solely declaratory relief in the federal court, the Court has broad discretion to decline subject matter jurisdiction without reference to or strict adherence to the various abstention doctrines. In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137 (1995), the United States Supreme Court made it clear that a less stringent discretionary standard governs a district court's decision to stay or dismiss a declaratory judgment action. As the Court observed in *Wilton*, "since its inception the Declaratory Judgment Act as been understood to confer on federal courts unique and substantial discretion in deciding whether or not to declare the rights of litigants. *Id*. Thus, "in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *DeNovellis v. Shalala*, 124 F.3d 298, 313 (1997).[4]

This Court recently enumerated a non-exclusive list of factors to be considered when determining whether to decline jurisdiction over a declaratory judgment claim as including the scope of the pending state court proceeding, the available state court

---

[4] Alternatively, to the extent SNE sought other relief from this Court, the traditional doctrine upon which abstention may be predicated in the instant case is *Colorado River* abstention as formulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-20, 96 S.Ct. 1236 (1976). Courts have considered the following factors in determining the applicability of abstention under *Colorado River*: (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. *See Rio Grande Community Health Center, Inc. v. Rullan*, 397 F. 3d 56 (1st Cir. 2005 (citations omitted.) Colorado River has special appeal where a state court decision "may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones." *Currie v. Group Insurance Commission*, 290 F. 3d 1 (1st Cir. 2002). The arguments pertaining to declining jurisdiction over Plaintiff's declaratory judgment action are equally applicable to any other claims SNE might choose to bring at this time.

defenses and whether the claims of all parties in interest can be settled in the state court proceedings. *Standard Fire Ins. Co. v. Gordon*, 376 F.Supp. 2d 218, 225 (D.R.I. 2005). Specifically, where parallel proceedings presenting the opportunity for ventilation of the same state law issues are underway in a state forum, the Court has held that these considerations clearly support a district court's decision to stay or dismiss a declaratory judgment action. *Id*. (citing cases). In *Standard Fire* this Court applied five primary factors for determining whether to stay a declaratory judgment action as follows:

(1) whether the same parties are involved in both cases;
(2) whether the claims made in the declaratory judgment action can be adjudicated in the state court action;
(3) whether resolution of the declaratory judgment action turns on factual questions that will be litigated in the state court action;
(4) whether the issues presented are governed by state or federal law; and
(5) what effect the declaratory judgment action is likely to have on potential conflict of interest between the insurer and the insured.

*Id* at 225. n. 8; 225-234.

Although the Court in *Standard Fire* applied these factors and determined that a plaintiff's personal injury action and the defendant's insurance company's declaratory judgment action were not sufficiently parallel, the opposite conclusion must be reached in the present case.

First, it is readily apparent that the parties before the Board and the parties in this action are identical.

Second, since SNE's Complaint seeks a determination that its contemplated termination of Bald Hill is lawful and proper under state law, it cannot credibly be disputed that the Board, as the state entity charged with enforcing the statute, will be able to adjudicate SNE"s claim. The Board has substantial expertise in this area having been created by the Rhode Island legislature for the purpose of adjudicating and enforcing the

laws applicable to motor vehicle dealerships. A decision by the Board is reviewable by the Director of Administration for the State of Rhode Island and thereafter the state court. The Board can grant the declaratory relief sought by SNE in the context of the Complaint filed by Bald Hill, as the issues therein are substantially the same, and the Board has the specific authority to enforce the Statute which necessarily includes the jurisdiction to determine whether the statutory termination provisions have been complied with or violated. Thus, the state administrative forum is plainly adequate to address all of the issues in this case.

Third, the Board is required to follow the Administrative Procedures Act, R.I. Gen. Laws § 42-35-1 *et seq*. in conducting any hearings. Accordingly, both parties will have the opportunity to present and respond to evidence and arguments. *See* R.I. Gen. Laws § 42-35-9; 42-35-10.

Fourth, Rhode Island state law and its statutes will govern the resolution of this dispute and in fact turns on the interpretation of Rhode Island state law. As indicated above, SNE has not brought a claim for damages, but asks that this Court rule that its actions complied with applicable Rhode Island law. SNE requests this Court to declare that SNE's contemplated termination of the Bald Hill's dealership is "lawful and proper," a determination that requires this Court to construe the scope and applicability of the Statute to SNE. This determination should be made by the Board, not this Court in the context of a declaratory judgment action.

Rhode Island has manifested a strong interest in the uniform, consistent application of the Statute to those entities engaged in motor vehicle sales in Rhode Island. R.I. Gen. Laws § 31-5.1-2 expressly declares:

> Any person who engages directly or indirectly in purposeful contacts within this state in connection with the offering or advertising for sale of, or has business dealings with respect to, a motor vehicle within the state shall be subject to the provisions of this chapter and shall be subject to the jurisdiction of the courts of this state, upon service of process in accordance with the provisions of the general laws.

The Statute explicitly overrides any agreements contrary to its provisions. R.I.Gen. Laws § 31-5.1-14. These statutory provisions exhibit Rhode Island's public interest in maintaining a consistently applied regulatory scheme with respect to motor vehicle sales and distribution. Consistency can best be achieved by allowing this matter to proceed before the Board without interference by this Court, as potentially inconsistent determinations could result from exercising jurisdiction over this concurrent proceeding.

Clearly, the proceeding before the Board is sufficiently parallel to Plaintiff's Complaint such that considerations of practicality and wise judicial administration militate in favor of abstention in this case.

Finally, as an equitable matter, Plaintiff's Complaint for declaratory judgment is clearly contrived as that term has been applied by Courts analyzing abstention issues. In seeking declaratory relief, SNE is not seeking a declaration of rights between the parties, but is strategically attempting to preempt a wrongful termination claim by Bald Hill. SNE has already acted in sending a termination notice to Bald Hill, therefore, its declaratory judgment claim is not the sort of claim that falls within the parameters of such claims. *See SPGGC v. Ayotte, 443 F.Supp. 2d 197* (D.N.H. 2006) (recognizing that one important purpose of the Declaratory Judgment Act is to inform the parties of their legal rights and obligation, ***going forward***, so they can alter their behavior, act in compliance with applicable law, and prevent further damages from accruing) (emphasis in original).

The filing of a declaratory judgment action as a tactical move to avoid a potentially less favorable forum has been frowned upon as a misuse of the declaratory relief action. *See Lexington Insurance Co. v. Phoenix*, 1996 WL 463672 * 2 (D.Mass. 1996); *see also, Subaru of New England, Inc. v. Subaru of Augusta, Inc.*, 121 F.R.D. 1 (D.Mass. 1988); *Subaru of New England v. Lakes Subaru, Ltd.*, 1999 WL 233471946 (D.Mass. 1999) (dismissing declaratory judgment action brought to preempt anticipated litigation by dealer who was not renewed.) In this scenario, the first filed preference is not to be given great weight, as the declaratory judgment action is properly invoked where the natural defendant in a potential legal controversy is injured by the uncertainty and insecurity in a delay in its resolution. *Lexington Insurance Co. v. Phoenix*, 1996 WL 463672 * 2. Here, the natural plaintiff would have been Bald Hill, not SNE, as the only potential injury will be sustained by Bald Hill, not SNE.

As the First Circuit has stated that "the Declaratory Judgment Act neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand statutory remedies." *Ernst & Young v. Depositors Economic Protection Corp.*, 45 F. 3d 530, 534 (1995). The application of this guideline to the factual circumstances of this case points to the conclusion that this Court should abstain from exercising subject matter jurisdiction over Plaintiff's Complaint.

## III. This Court Should Stay Proceedings in this Case Pending Resolution of State Administrative Proceedings.

The propriety of a stay is a decision that is committed to the "carefully considered" judgment of the district court. *Centronics Data Computer Corp. v. Merkle-Korff Indus.*, 503 F. Supp. 168, 170 (D.N.H. 1980).

Should this Court determine that dismissal is not warranted, Bald Hill requests that this Court stay this proceeding until the Board has had the opportunity to hear and resolve Bald Hill's complaint charging SNE with statutory violations pertaining to the notice of termination and subsequent termination letter.

**CONCLUSION**

For the reasons set forth herein, Defendant's request that its motion to dismiss for lack of subject matter jurisdiction be granted in all respects. In the alternative, Defendant requests that this Court stay this action pending resolution of the state administrative proceedings.

BALD HILL REALTY CO d/b/a BALD HILL SUBARU,
By its attorneys,

/s/ Michael J. McEntee
Michael J. McEntee, Esq.( #2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that the foregoing Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Stay, was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 7th day of August 2007:

Mitchell R. Edwards
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
medwards@haslaw.com

/s/ Michael J. McEntee