EXHIBIT 1

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v.

C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

**COMPLAINT**

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill"), a Rhode Island Corporation and a franchised and licensed Subaru Dealer, brings this complaint against Respondent Subaru of New England, Inc. ("SNE") for'violations ofR.I. Gen. Laws § 31-5.1-4, which will be enumerated herein, and requests a hearing on said violations.

1. Bald Hill has been a new car automobile dealer of SNE since 1978 in the Warwick, Rhode Island area.

2. Since its inception, Bald Hill has been a leader in the sale of SNE's autos and consistently one of the top sellers in the State of Rhode Island .

3. Bald Hill has since its inception, maintained a very high (CSI) customer satisfaction rating in the region.

4. Bald Hill has incurred considerable expense to build and maintain a state of the art facility in Warwick, Rhode Island, and expends significant monies in promotion and advertising of SNE's product.

5. Bald Hill ~as received on numerous occasions the "Added Security Superstar Award" from SNE.

6. Bald Hill has received the "Parts and Service Million Dollar Club" award from SNE.

7. Bald Hill has received numerous other awards from SNE.

8. On or about December 29, 1999, Bald Hill exercised its rights under R.I. Gen. Laws § 31-5.1-4.2 and filed an objection to a proposed new dealership at 939 Newport Avenue, Pawtucket, RI, hereinafter referred to as "Protest".

9. Furthermore, on 01; about March 5, 1999, Bald Hill joined in a class action lawsuit with other Dealers in New England against SNE and Ernest Boch individually. Said Complaint was filed in the U.S. District Court, District of New Hampshire, alleging, among other things, that SNE engaged in an option packing scheme which is expressly prohibited under the laws of each of six New England states, and more specifically, prohibited under R.I. Gen Laws § 31-5.1-4.

10. In said class action lawsuit, it was specifically alleged, among other things, that SNE engaged in a number of illegal and coercive tactics designed to force Bald Hill and other dealers to accede to the option packing scheme. These coercive tactics included imposing unreasonable performance standards and threatening terminq.tion or terminating dealers based on these unreasonable standards and without good cause .

11. As a result of Bald Hill having exercised its rights under R.l. Gen. Laws § 31-5.1-4.2, by filing the Protest, and as a result of Bald Hill joining a class action lawsuit against SNE, SNE issued a letter of termination on June 25,1999, effective September 27, 1999.

12. As a result of the June 25, 1999 letter of termination, Bald Hill brought an action before the Dealer's License Commission; in response, SNE filed a complaint in the U.S. District Court for the District of Rhode Island requesting declaratory relief.

13. Subsequently, a settlement was reached between Bald Hill and SNE, both matters were dismissed, and the parties entered into a Franchise Agreement for a five-year period commencing April 1, 2004.

14. Notwithstanding, the actions by SNE against Bald Hill created a climate of hostility from SNE to Bald Hill.

15. From April 1, 2004 through the present, Bald Hill has continued to sell Subarus distributed by SNE to Bald Hill, despite an economy wherein the sale of cars, particularly Subarus, has declined.

16. On November 14,2006, SNE sent to Bald Hill a letter entitled: Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise.

17. In said letter, SNE provided Bald Hill with an unreasonable performance criteria which SNE stated Bald Hill must achieve by May 31, 2007 or SNE would send Bald Hill a termination letter terminating Bald Hill's Franchise Agreement with SNE.

18 ... In said letter, SNE stated that Bald Hill must "sell 288 new Subarus between December 1, 2006 and May 31, 2007 ... "; but this six-month objective was nearly equal to the twelve-month objective for membership in SNE's 2007 Presidential Club (317 new Subaru sales).

19. Faced with this unreasonable performance criteria, Bald I-Till's actual reported sales for the six-month period was 141, according to SNE in its Notice of Termination ofSubaru Dealer Agreement and Franchise, dated June 6, 2007.

20. SNE violated the notice requirements ofR.I. Gen. Laws § *31-5.1 .. A* (d)(2)(i)&(ii) in that the performance criteria established by SNE for Bald Hill was unreasonable in light of the economy and market.

21. Due to th€ unreasonable performance criteria established by SNE, SNE has failed to provide good cause for the termination of Bald Hill in violation of R.I. Gen. Laws § 31-5.1-4 ( d)(2)(i).

22 .. By establishing an unreasonable performance criteria for Bald Hill, SNE has not acted in good faith, in violation ofR.I. Gen. Laws § 31-5.1-4 (d)(2)(iv).

23. SNE does not have good cause as required by R.I. Gen. Laws § 31-5.1-4 (d)(l )(ii)&(iii) and has violated said Act by not acting in good faith in issuing a letter of tem1ination; further, SNE's actiotl in its letter of termination is arbitrary, in bad faith, unconscionable, and causes damages to Bald Hill and the public.

24. SNE violated R.I. Gen. Laws § 31-5.1~3, in that SNE's termination of Bald I-lill's Franchise Agreement, without good cause, and by establishing an unreasonable performance criteria, constitutes an unfair or deceptive act or practice.

25. R.I. Gen. Laws § 31-5.1-12 authorizes this Commission to enforce the provisions of' Chapter 31-5.1 and to hold a hearing to show cause why SNE should not be sanctioned, and determine why it should not be ordered to comply with the sections of this chapter.

26. Further, Bald Hill states that under R.I. Gen. Laws § 31-5-23 SNE failed to comply with R.I. Gen. Laws § 31-5-21 through 31-5-27, inclusive, and as aforesaid stated, failed to comply with R.I. Gen. Laws § 31-5.1-1 through 31-5.1-16, inclusive.

27. SNE violated R.I. Gen. Laws § 31-5-23 (7) and has, without provocation, cancelled the franchise of Bald Hill.

28. SNE violated R.I. Gen. Laws § 31-5-23 (8) in that it, without due regard to the equities of Bald Hill, without just provocation issued a letter of termination of Bald I-lill's franchise.

29. R.I. Gen .. Laws § 31-5-23 provides that SNE's license may be suspended or revoked by this Board for violations of the subsections of R.I. Gen. Laws § 31-5-23.

WHEREFORE, Bald Hill respectfully request that the Commission under the powers given to it, pursuant to R.I. Gen. Laws § 31-5.1-12 and R.I. Gen. Laws § 31-5-23, enforce the provisions of Chapters 31-5 and 31-5.1 by granting the following relief:

(1) that this Board find that good cause does not exist for the termination, that SNE acted in bad faith, and that SNE be ordered by this Board to comply by revoking its letter of termination and reinstating Bald Hill's franchise;

(2) that this Board sanction SNE for acting in bad faith in violation of Rhode Island Law and order SNE to pay Bald Hill's attorneys fees and costs; and

(3) that this Board find, because of SNE's misconduct, that SNE's license to sell Subaru automobiles in the State of Rhode Island be revoked and/or suspended per R.I. Gen. Laws § 31-5- .

25.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Dated: August 3, 2007

Michael J. McEntee, E
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)