UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUBARU OF NEW ENGLAND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BALD HILL REALTY CO.<br>d/b/a BALD HILL SUBARU,<br><br>Defendant. | C.A. No. 07-249-S<br><br>**EMERGENCY RELIEF REQUESTED** |

**PLAINTIFF SUBARU OF NEW ENGLAND, INC.'S**
**MOTION FOR EXPEDITED RULE 16 SCHEDULING CONFERENCE**

Pursuant to Fed. R. Civ. P. 16 and L.R. 7, 9 and 16, plaintiff Subaru of New England, Inc. ("SNE") hereby moves that the Court convene a Rule 16 conference on an expedited basis for a date during the week of August 27, 2007, or as soon thereafter as the Court is available.

This is a declaratory judgment action by which SNE seeks a declaration (i) that defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Bald Hill") materially breached its Subaru Dealer Agreement with SNE; (ii) that SNE's June 6, 2007 notice of termination of the Subaru Dealer Agreement between SNE and Bald Hill is lawful and proper; and (iii) that SNE may lawfully terminate Bald Hill's Subaru Dealer Agreement and Bald Hill's Subaru franchise effective September 10, 2007. Two months after SNE filed this lawsuit, Bald Hill filed a complaint with the Rhode Island Dealer and Hearing Board, asking the Board to halt the termination, among other things. SNE has now removed the Board proceeding to this Court, where it is pending in an action entitled *Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc.*, Civil Action No. 2007-298-S-DLM. Given the imminent termination date, SNE seeks a Rule 16

conference to address consolidation of the two federal court actions and the need for an expedited trial on the merits of this matter.

As further grounds for this motion, SNE relies upon and respectfully refers the Court to its Memorandum in Support of Subaru of New England, Inc.'s Emergency Motion for Expedited Rule 16 Scheduling Conference filed herewith.

WHEREFORE, plaintiff Subaru of New England, Inc. respectfully requests that the Court schedule a Rule 16 scheduling conference for a date during the week of August 27, 2007 or as soon thereafter as the Court is available.

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.,

By its attorneys,

/s/ Mitchell R. Edwards
Brent R. Canning (Attorney No. 5546)
Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com

OF COUNSEL:

Howard M. Cooper
Heidi A. Nadel
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
Fax: (617) 227-5777
hcooper@toddweld.com
hnadel@toddweld.com
(admitted *pro hac vice*)

August 22, 2007

**CERTIFICATION**

I hereby certify that on August 22, 2007, a copy of the foregoing Motion for Expedited Rule 16 Conference electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

/s/ Mitchell R. Edwards
Mitchell R. Edwards (#6942)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUBARU OF NEW ENGLAND, INC., Plaintiff, | |
| v. | C.A. No. 07-249-S |
| BALD HILL REALTY CO. d/b/a BALD HILL SUBARU, Defendant. | **EMERGENCY RELIEF REQUESTED** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF SUBARU OF NEW ENGLAND, INC.'S MOTION FOR EXPEDITED RULE 16 SCHEDULING CONFERENCE**

Plaintiff Subaru of New England ("SNE") hereby submits this Memorandum in Support of its Motion for Expedited Rule 16 Scheduling Conference.

## INTRODUCTION

SNE filed this action against defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Bald Hill") on June 29, 2007, seeking a declaratory judgment that (i) Bald Hill materially breached its Subaru Dealer Agreement with SNE; (ii) that SNE's June 6, 2007 notice of termination of the Subaru Dealer Agreement between SNE and Bald Hill is lawful and proper; and (iii) that SNE may lawfully terminate Bald Hill's Subaru Dealer Agreement and Bald Hill's Subaru franchise effective September 10, 2007.

This lawsuit follows years of discussions between SNE and Bald Hill about Bald Hill's poor sales performance; a detailed notice from SNE to Bald Hill regarding its sales deficiencies; a six-month cure period for Bald Hill to correct those deficiencies; and, after Bald Hill failed to demonstrate substantial progress towards correcting its sales

deficiencies, a notice of termination effective September 10, 2007. SNE filed suit several weeks after providing the Termination Notice to Bald Hill and openly disclosed the filing to Bald Hill even before it served the Summons and Complaint.

Despite having known of the possibility of termination since at least November 2006, and the fact of termination since early June 2007, Bald Hill waited until August 2007, two months after receiving the Termination Notice, to file a complaint with the Rhode Island Dealer and Hearing Board ("the Board"), asking the Board to halt the termination, sanction SNE, and, extraordinarily, to revoke SNE's license to distribute automobiles in the state of Rhode Island. SNE learned of Bald Hill's Board complaint when Bald Hill attached it as an exhibit to its Motion to Dismiss in this case. SNE removed the Board proceeding to this Court on August 8, 2007.

The September 10, 2007 termination date is now less than three weeks away. Given the imminent termination and the propriety of immediate guidance as to the contractual rights and obligations of the parties, SNE requests that the Court schedule a Rule 16 conference on an expedited basis for a date during the week of August 27, 2007, or as soon thereafter as the Court is available, to address (i) consolidation of this case and the Removed Action and (ii) an expedited schedule for a trial on the merits. Because the termination date is approaching quickly, a Rule 16 conference on these issues is appropriate at this time even though Bald Hill has filed a motion to dismiss, which SNE opposes for the reasons set forth in a memorandum filed simultaneously with this request for a Rule 16 conference. A Rule 16 conference with the Court will help the parties plan on how to proceed on September 10.

**DISCUSSION**

Bald Hill has been an authorized Subaru dealer for many years. Its most recent Subaru Dealer Agreement with SNE, as amended, has a term of April 1, 2004 through March 31, 2009 (the "Agreement"). Over the years, SNE has had numerous discussions with Bald Hill regarding its poor sales performance and has offered suggestions to Bald Hill on how to improve its management and to correct its sales deficiencies. Bald Hill did not follow those suggestions and did not improve its sales performance.

On November 7, 2006, SNE met with Bald Hill and reviewed Bald Hill's performance in detail. Following the meeting, on November 14, 2006, SNE provided to Bald Hill notice of failure of performance in which SNE detailed Bald Hill's poor sales performance, spelled out the sales objectives Bald Hill should meet to correct its sales deficiencies, and gave Bald Hill six months to do so. In the notice of failure of performance, SNE specifically advised Bald Hill that unless Bald Hill corrected its deficiencies on or before May 31, 2007, SNE would send Bald Hill Notice of Termination of the Subaru Dealer Agreement and franchise.

After issuing the notice of failure of performance, SNE continued to offer to meet with Bald Hill and to provide suggestions as to how to improve its performance. Bald Hill chose not to follow any of SNE's suggestions. Bald Hill also did not use the six-month cure period to make a reasonable effort to correct its sales deficiencies.

For example, SNE specifically advised Bald Hill that, in order to cure its sales deficiencies, Bald Hill was required to sell two hundred eighty-eight (288) new Subaru motor vehicles during the cure period pursuant to fair and reasonable sales objectives for Bald Hill's area of responsibility. Bald Hill did not make any progress toward achieving

this requirement because Bald Hill did not make reasonable efforts to do so. Without limitation, Bald Hill: (a) did not increase its new car advertising; (b) did not increase its sales force; and (c) did not increase its new Subaru inventory to bring it in line with its monthly sales objectives during the cure period. Among other things, Bald Hill did not even employ the minimum of six (6) salespeople or the New Sales Vehicle Manager it agreed to employ in the Subaru Dealer Agreement. During the cure period, Bald Hill's sales of new Subarus in fact declined as compared to the same period the year before.

In short, although Bald Hill was given ample notice of its sales deficiencies and a reasonable opportunity to cure the deficiencies and comply with SNE's reasonable performance criteria, Bald Hill did not demonstrate substantial progress towards doing so during the cure period. It also remained in breach of the material personnel provisions of the Dealer Agreement.

By letter dated June 6, 2007, SNE provided Bald Hill Notice of Termination of Subaru Dealer Agreement and Franchise ("Termination Notice"). In the Termination Notice, SNE advised that it was terminating Bald Hill's Subaru Dealer Agreement and franchise effective September 10, 2007. SNE filed this lawsuit on June 29, 2007, and promptly told Bald Hill it had done so. In the following weeks, SNE and Bald Hill attempted to resolve this dispute directly and with the involvement of counsel, but were unable to do so. When Bald Hill failed to pursue settlement discussions in a timely manner, SNE arranged to serve the Summon and Complaint; Bald Hill was served on July 17, 2007.

In the weeks that followed, SNE's counsel contacted Bald Hill's counsel, seeking to schedule a Rule 26(f) conference and to obtain assent to a motion for an expedited

Rule 16 conference in light of the fast-approaching termination date. Bald Hill's counsel did not respond until August 7, 2007, when he indicated that he was about to be out of his office for a week. Bald Hill's counsel did not inform SNE that Bald Hill had filed a proceeding with the Board several days before, a fact that SNE learned only when it received a copy of the Board complaint as an attachment to Bald Hill's Motion to Dismiss later that day. He also did not inform SNE's counsel that Bald Hill had filed a motion to stay termination and was poised to file an amended complaint with the Board the next day, facts which Bald Hill learned only when its counsel visited the Board to obtain a copy of the file on August 8, 2007.

Bald Hill's Board filings asked the Board, among other things, to adjudicate the termination dispute, to award it attorneys' fees and costs, and, remarkably, to revoke SNE's license to sell Subarus in Rhode Island. Bald Hill opposes termination and seeks this extraordinary relief (which the Board has no jurisdiction to entertain or to grant) despite the facts that it failed to meet even minimal reasonable sales objectives or to make any reasonable steps to improve its new Subaru sales performance during the six-month cure period given to it by SNE and that it breached the material personnel provisions of the Agreement. SNE removed the Board action to this Court on August 8, 2007, pursuant to 28 U.S.C. §§1441(a) and 1446(b). The removed action is entitled *Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc.*, Civil Action No. 2007-298-S-DLM ("Removed Action").

Simultaneously herewith, SNE has filed its Opposition to the Motion to Dismiss.

With termination now less than three weeks away, SNE requests that the Court set an immediate Rule 16 conference to address the need for consolidation of the two federal court actions and an expedited schedule for a trial on the merits of this matter.

## CONCLUSION

For all of the reasons set forth above, Plaintiff Subaru of New England, Inc. respectfully moves this Court to schedule a conference pursuant to Federal Rule of Civil Procedure 16 on an expedited basis for a date during the week of August 27, 2007 or as soon thereafter as the Court is available to address: (i) consolidation of this case and the Removed Action; and (ii) an expedited schedule for a trial on the merits in light of the termination set to take effect on September 10, 2007.

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.

By its attorneys,

/s/ Mitchell R. Edwards
Brent R. Canning (Attorney No. 5546)
Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com

OF COUNSEL:

Howard M. Cooper
Heidi A. Nadel
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
Fax: (617) 227-5777
hcooper@toddweld.com
hnadel@toddweld.com
(admitted *pro hac vice*)

August 22, 2007

**CERTIFICATION**

I hereby certify that on August 22, 2007, a copy of the foregoing Memorandum in Support of Plaintiff's Motion for an Expedited Rule 16 Scheduling Conference was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

/s/ Mitchell R. Edwards
Mitchell R. Edwards (#6942)