UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUBARU OF NEW ENGLAND, INC.,

Plaintiff,

v.

BALD HILL REALTY CO.
d/b/a BALD HILL SUBARU,

Defendant.

C.A. No. 07-249-S

**PLAINTIFF SUBARU OF NEW ENGLAND, INC.'S RULE 16 PRETRIAL STATEMENT**

Pursuant to Fed. R. Civ. P. 16, plaintiff Subaru of New England, Inc. ("SNE") hereby submits its pretrial statement. This is a declaratory judgment action by which SNE seeks a declaration: (i) that defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Bald Hill") materially breached its Subaru Dealer Agreement with SNE; (ii) that SNE's June 6, 2007 notice of termination of the Subaru Dealer Agreement between SNE and Bald Hill is lawful and proper; and (iii) that SNE may lawfully terminate Bald Hill's Subaru Dealer Agreement and Bald Hill's Subaru franchise effective September 10, 2007.

**BACKGROUND**

Bald Hill has been an authorized Subaru dealer for many years. Its most recent Subaru Dealer Agreement with SNE, as amended, has a term of April 1, 2004 through March 31, 2009 (the "Agreement"). The Agreement provides, in pertinent part:

- Bald Hill Subaru has responsibility for the promotion, sale and service of Subaru products within a specified area of responsibility ("AOR"); it is an area containing zip codes including and surrounding Warwick, Rhode Island.

- Bald Hill agreed that its sales performance represented a material and significant element of its relationship with SNE, and agreed that it would be subject to certain performance standards.

- SNE would evaluate Bald Hill's performance of its sales obligations "on the basis of such reasonable criteria as SNE may develop from time to time and communicate in advance to DEALER, including, but not limited to, those reasonable sales objectives that SNE may establish and a comparison of Dealer's sales performance with other Subaru dealers" in the same state or region.

- SNE agreed that if Bald Hill failed to perform adequately in its sales, service, parts or customer satisfaction responsibilities, it would provide Bald Hill with written notice and an opportunity to cure as may be reasonable or required by law.

- Bald Hill agreed that if it failed, after notice, to correct deficiencies identified by SNE in a written notice, SNE may terminate the Agreement upon notice as may be required by law.

- Bald Hill further agreed to employ six (6) sales persons and a New Vehicle Service Manager, all exclusively dedicated to the Subaru dealership.

The SOA Standard Provisions incorporated in the Agreement provide, in relevant part:

- Bald Hill agreed to "use its best efforts to aggressively, actively, and effectively promote the sale of Subaru Products in the Area of Responsibility through regular contacts with existing and prospective owners and users of Subaru Products, including participation in promotional events in accordance with reasonable Distributor Directives."

- Bald Hill further agreed "to effectively sell Subaru Products to customers located in [its AOR]."

- SNE would evaluate Bald Hill's performance of its sales obligations "on the basis of such reasonable criteria as Distributor may develop from time to time, including, but not limited to, those reasonable sales objectives that Distributor may establish and a comparison of Dealer's sales performance with other Subaru dealers."[1]

Bald Hill's performance in selling new Subaru motor vehicles has been poor. Over the years, SNE has had numerous discussions with Bald Hill regarding its poor sales performance

---

[1] Paragraph 17 of the Standard Provisions also speaks to termination for cause by SNE for certain enumerated reasons, including failure to fulfill its responsibilities with respect to sale of Subaru products failure to fulfill its responsibilities with respect to performance under the Agreement.

and has offered suggestions to Bald Hill on how to improve its management and to correct its sales deficiencies. Bald Hill did not follow those suggestions and did not improve its sales performance.

On November 7, 2006, SNE met with Bald Hill and reviewed Bald Hill's performance in detail. Following the meeting, on November 14, 2006, SNE provided to Bald Hill notice of failure of performance in which SNE detailed Bald Hill's poor sales performance, spelled out the sales objectives Bald Hill should meet to correct its sales deficiencies, and gave Bald Hill six months to do so. In the notice of failure of performance, SNE specifically advised Bald Hill that unless Bald Hill corrected its deficiencies on or before May 31, 2007, SNE would send Bald Hill Notice of Termination of the Subaru Dealer Agreement and franchise.

After issuing the notice of failure of performance, SNE continued to offer to meet with Bald Hill and to provide suggestions as to how to improve its performance. Bald Hill chose not to follow any of SNE's suggestions. Bald Hill also did not use the six-month cure period to make a reasonable effort to correct its sales deficiencies.

For example, SNE specifically advised Bald Hill that, in order to cure its sales deficiencies, Bald Hill was required to sell two hundred eighty-eight (288) new Subaru motor vehicles during the cure period pursuant to fair and reasonable sales objectives for Bald Hill's area of responsibility. Bald Hill did not make any progress toward achieving this requirement because Bald Hill did not make reasonable efforts to do so. Without limitation, Bald Hill: (a) did not increase its new car advertising; (b) did not increase its sales force; and (c) did not increase its new Subaru inventory to bring it in line with its monthly sales objectives during the cure period. Among other things, Bald Hill did not even employ the minimum of six (6)

salespeople or the New Sales Vehicle Manager it agreed to employ in the Subaru Dealer Agreement. During the cure period, Bald Hill's sales of new Subarus in fact declined as compared to the same period the year before.

In short, although Bald Hill was given ample notice of its sales deficiencies and a reasonable opportunity to cure the deficiencies and comply with SNE's reasonable performance criteria, Bald Hill did not demonstrate substantial progress towards doing so during the cure period. It also remained in breach of the material personnel provisions of the Dealer Agreement.

By letter dated June 6, 2007, SNE provided Bald Hill Notice of Termination of Subaru Dealer Agreement and Franchise ("Termination Notice"). In the Termination Notice, SNE advised that it was terminating Bald Hill's Subaru Dealer Agreement and franchise effective September 10, 2007.[2]

**COUNT I – DECLARATORY JUDGMENT**

The Federal Declaratory Judgment Act, 28 U.S.C. §2201, authorizes the Court to declare the rights of the parties as requested by SNE. The relief SNE seeks is tied directly to the rights and obligations of the parties under the Dealer Agreement and underlying SNE's declaratory judgment claim is Bald Hill's material and ongoing breach of the performance and personnel provisions of the Dealer Agreement. To prove a breach of contract, SNE must establish the existence of a contract, a breach, and damages. See Feinstein v. Brown, 432 F.Supp.2d 258 (D.R.I. 2006); Petrarca v. Fidelity & Cas. Ins. Co., 884 A.2d 406, 410 (R.I.2005). An action lies for every breach of contract, Rendine v. Catoia, 158 A. 712 (1932), and nominal damages are

[2] SNE filed this lawsuit on June 29, 2007, and promptly told Bald Hill it had done so. In the weeks that followed, SNE and Bald Hill attempted to resolve this dispute directly and with the involvement of counsel, but were unable to do so. When Bald Hill failed to pursue settlement discussions in a timely manner, SNE arranged to serve the Summon and Complaint; Bald Hill was served on July 17, 2007.

available even where no actual damage or loss is proven. Parking Co., L.P. v. Rhode Island Airport Co., 2005 WL 419827 (R.I. Super. Feb. 18, 2005).

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.,

By its attorneys,

/s/ Brent R. Canning
Brent R. Canning (Attorney No. 5546)
Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com

OF COUNSEL:

Howard M. Cooper
Heidi A. Nadel
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
Fax: (617) 227-5777
hcooper@toddweld.com
hnadel@toddweld.com
(admitted *pro hac vice*)

August 31, 2007

**CERTIFICATION**

I hereby certify that on August 31, 2007, a copy of the foregoing Plaintiff Subaru of New England, Inc.'s Rule 16 Pretrial Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

/s/ Brent R. Canning
Brent R. Canning