UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUBARU OF NEW ENGLAND, INC., *Plaintiff*, | : | |
| v. | : | C.A. No. 07-249-S |
| BALD HILL REALTY CO. d/b/a BALD HILL SUBARU *Defendant*. | : | |

**DEFENDANT'S REPLY TO OBJECTION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR STAY**

Defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Defendant" or "Bald Hill") hereby replies to the objection to motion to dismiss filed by the Plaintiff, Subaru of New England, Inc. ("SNE") pursuant to Rule 12 (b) (1) of the Federal Rules of Civil Procedure, on the grounds that this Court does not have subject matter jurisdiction over Plaintiff's action because SNE has not alleged a sufficient amount in controversy, and further that this Court should exercise its discretion to abstain from acceptance of jurisdiction over Plaintiff's declaratory judgment action in light of the administrative proceedings before the Rhode Island Motor Vehicle Dealers License and Hearing Board (the "Board"). SNE removed those proceedings to this Court and Bald Hill seeks to remand them to the Board. See the related proceedings, Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., C.A. No. 07-298-S.

Bald Hill also respectfully refers this Court to the related proceeding, Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., C.A. No. 07-298-S and makes reference to Bald Hill's Motion to Remand and the Memorandum filed in support thereof. Bald Hill respectfully requests that this Court dismiss SNE's action, or in the alternative, that it stay

these proceedings pending outcome of related proceedings before the Board, for which Bald Hill seeks remand.

Bald Hill hereby requests oral argument pursuant to LR Cv 7(e) and requests one-half hour to argue its motion. Bald Hill respectfully requests that this Court deny and dismiss SNE's complaint, or in the alternative, stay these proceedings pending their resolution before the Board in related proceedings.

Respectfully submitted,

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

/s/ Michael J. McEntee
Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

## CERTIFICATION

I hereby certify that the foregoing Defendant's Reply to Objection to Motion to Dismiss was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 6th day of September, 2007:

Brent R. Canning bcanning@haslaw.com

Mitchell R. Edwards medwards@haslaw.com, jbourne@haslaw.com

Notice will be delivered by other means to:

Howard M. Cooper
Todd & Weld
28 State Street
31st. Floor
Boston, MA 02109

Heidi A Nadel
Todd & Weld LLP
28 State Street
31st Floor
Boston, MA 02109

/s/ Michael J. McEntee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUBARU OF NEW ENGLAND, INC., | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | C.A. No. 07-249-S |
| | : | |
| BALD HILL REALTY CO. d/b/a | : | |
| BALD HILL SUBARU | : | |
| | : | |
| *Defendant*. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S REPLY TO OBJECTION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR STAY**

Defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Defendant" or "Bald Hill") hereby replies to the Objection to motion to dismiss filed by the Plaintiff, Subaru of New England, Inc. ("SNE") pursuant to Rule 12 (b) (1) of the Federal Rules of Civil Procedure, on the grounds that this Court does not have subject matter jurisdiction over Plaintiff's action because SNE has not alleged a sufficient amount in controversy, and further that this Court should exercise its discretion to abstain from acceptance of jurisdiction over Plaintiff's declaratory judgment action in light of the administrative proceedings before the Rhode Island Motor Vehicle Dealers License and Hearing Board (the "Board"). SNE removed those proceedings to this Court and Bald Hill seeks to remand them to the Board. See the related proceedings, Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., C.A. No. 07-298-S.

Bald Hill makes reference to the factual background and legal analysis presented in its Motion to Dismiss, or in the Alternative, Motion for Stay, and the Memorandum submitted in support thereof, as well as its exhibits. Bald Hill notes that the factual allegations contained within SNE's Objection and its supporting memorandum, regarding Bald Hill's performance in

light of the current market, are disputed by Bald Hill and are unsupported in SNE's memorandum by any affidavit or source, other than those allegations set forth in the Affidavit of Henry Burbank. The allegations are also immaterial to this Court's determination of whether it has subject matter jurisdiction over the case, and whether this Court should abstain from hearing the case.

Bald Hill also respectfully refers this Court to the related proceeding, Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., C.A. No. 07-298-S and makes reference to Bald Hill's Motion to Remand and the Memorandum filed in support thereof. Bald Hill respectfully requests that this Court dismiss SNE's action, or in the alternative, that it stay these proceedings pending outcome of related proceedings before the Board, for which Bald Hill seeks remand.

Bald Hill hereby requests oral argument pursuant to LR Cv 7(e) and requests one-half hour to argue its motion.

**PROCEDURAL HISTORY**

When the parties were before this Court in 1999 in a separate case, the dispute in that other case concerned the transfer of ownership interests within Bald Hill, the extent of SNE's knowledge of the transfers, and the extent of SNE's right, under the franchise agreement, to know about any such transfers and to control them. This Court, Torres, J., presiding, decided upon the allegations of the complaint in that case not to remand the matter to the Board and did not abstain from hearing it. The parties later resolved that dispute.[1] This matter concerns different issues, in particular, whether the criteria that SNE set for Bald Hill in order for Bald

[1] Bald Hill will refrain from arguing the points raised by SNE in footnote 6 of its Memorandum in support of its Objection. Although they are in many respects debatable, they are entirely irrelevant to this Court's decision on whether to grant Bald Hill's Motion to Dismiss.

Hill to cure its allegedly deficient performance was a reasonable criteria. The provisions of the franchise agreement regarding the cure period and the criteria are all drawn directly from the applicable statute, R.I. Gen. Laws § 31-5.1-4(d), and which requires SNE to establish a 180-day cure period and a reasonable criteria. The statute governs the relevant terms of the contract, and so the primary source of law in this case is the statute, rather than contract law.

The instant case was filed by SNE while settlement negotiations between the parties were still ongoing, ostensibly in good faith. After receiving the termination letter, Bald Hill engaged in significant efforts to resolve the issues between the parties. In order to accommodate vacation schedules, a settlement meeting was scheduled for July 10, 2007. Nevertheless, by letter dated June 29, 2007, counsel for SNE notified Bald Hill that a complaint for declaratory judgment had been filed by SNE against Bald Hill with this Court, but not served. The settlement meeting went forward on July 10, 2007 and on July 12th the parties met again, this time without their lawyers present. Then they had a meeting via telephone conference at which they scheduled an in-person meeting for July 20th. After the July 20th settlement meeting was scheduled, and without warning, SNE served Bald Hill with the Declaratory Judgment Complaint, on July 19, 2007.

## LEGAL ARGUMENT

### *I. SNE Has Not Satisfied the Amount in Controversy Requirement.*

It is well-settled that in an action for injunctive or declaratory relief "the amount in controversy is measured by the value of the object of the litigation". Hunt v. Washington State Apple Advertising Comm., 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). To SNE, the object of the litigation is not worth the minimum jurisdictional amount. The Affidavit

of Henry Burbank, presented by SNE in support of its objection to Bald Hill's motion to dismiss, does not allege that SNE will gain or lose in excess of $75,000.00 by this action; rather, the affiant alleges only that SNE would gain the right to appoint a new dealership, and he does not claim that the right to appoint a new dealership is worth anything to SNE in dollars. The affiant focuses on the value of the case from Bald Hill's perspective, and states that Bald Hill will lose a franchise worth in excess of $75,000.00 to Bald Hill, based upon his rough estimation of what other franchises have sold for from one franchisee to another, when a sale occurs (no sale by Bald Hill to another franchisee is contemplated). Taking SNE's allegations in the light most favorable to SNE, subject matter jurisdiction fails because it is the value of the case to SNE (the party seeking to evoke federal jurisdiction) that must be in excess of the jurisdictional minimum; not the value of the case to the Defendant Bald Hill, which does not seek federal jurisdiction and would like to return to the Board.

The value of the object of the litigation has been historically assessed from the plaintiff's perspective. See Ferris v. General Dynamics Corp., 645 F. Supp. 1354, 1362 (D.R.I. 1986). The defendant's perspective may be considered in cases of removal where the defendant is the party evoking jurisdiction (i.e., in the related proceedings to this case). See Grotske v. Kurz, 887 F. Supp. 53 (D.R.I. 1995). Where the party evoking jurisdiction, in this case SNE, does not have an object in the litigation worth in excess of $75,000.00, a District Court may conclude that it lacks jurisdiction to hear the controversy. See Bedell v. H.R.C. Ltd., 522 F. Supp. 732, 735 (E.D. Ky. 1981). Bald Hill does not evoke federal jurisdiction and does not intend to do so; it desires to resolve its claims before the Board through remand of the related proceedings, and so the value of this case to Bald Hill should not be a determining factor on the issue of jurisdiction over this case.

***II. Dismissal, or Stay, is Warranted Here because the Related Administrative Proceedings Should be Remanded to the Board.***

SNE's primary argument against dismissal on grounds of abstention is that the parallel state proceedings have been "properly removed" by SNE from the Board to this Court; however, the propriety of that removal is contested by Bald Hill in its Motion to Remand and the Memorandum in Support thereof. This Court will need to make the determination of whether SNE's removal of the state agency action was proper, and whether it should be remanded to the Board. If the related proceedings are remanded, then the grounds for abstention in this action would be strong.

***III. Remand of the Related Administrative Proceedings Would Require this Court to Abstain from Hearing this Action.***

As SNE acknowledges, the factors set forth in Standard Fire determine whether this Court should abstain from hearing this declaratory judgment action. See Standard Fire Ins. Co. v. Gordon, 376 F. Supp. 2d 218, 225 (D.R.I. 2005) (see Bald Hill's Memorandum in Support of Motion to Dismiss, at Document 6, Page 10 of 15). "The relevant inquiry underlying these factors is whether proceeding with a declaratory judgment action will provide the much needed source of enlightenment and clarification… as to the precise obligations and rights flowing between [the parties], or whether it will 'result in piecemeal litigation, duplication of effort and the possibility of inconsistent results.'" Standard Fire, 376 F. Supp. 2d at 225 (internal quotations omitted). This declaratory judgment action, and the franchise agreement that SNE seeks to interpret, draw from the statute that governs the parties and places them within the Board's

jurisdiction. Parallel litigation in this forum and before the Board, both interpreting the statute's "rule of reason" as applied to SNE's criteria, would lead to piecemeal litigation, duplication of effort and possible inconsistency of results because the issues are the same, with the exception that more issues can be raised and decided before the Board with regard to SNE's fitness to retain its licensing.

*A. The Board Has Jurisdiction to Adjudicate the Parties' Claims and Grant the Relief that Bald Hill Seeks.*

1. The Board has jurisdiction over Bald Hill's claims because the parties are subject to the Board's authority.

SNE is a major participant in the Rhode Island automotive market and has always been treated by the Board as a party subject to the regulatory authority of the Rhode Island Motor Vehicle Dealers License and Hearing Board. Its argument that "manufacturers" of automobiles and "dealers" of automobiles are subject to the Board's authority to regulate commerce and trade disputes in the Rhode Island automotive market, but that it is a "distributor" and is thereby exempt from regulation in the Rhode Island automotive market, is legally untrue and would promote a dangerous policy. R.I. Gen. Laws 31-5.1 binds all car companies that derive a benefit from this market. The General Assembly did not intend otherwise:

> **31-5.1-2 Application of chapter.**
>
> Any person who engages directly or indirectly in purposeful contacts within this state in connection with the offering or advertising for sale of, or has business dealings with respect to, a motor vehicle within the state shall be subject to the provisions of this chapter and shall be subject to the jurisdiction of the courts of this state, upon service of process in accordance with the provisions of the general laws.

R.I. Gen. Laws § 31-5.1-2.

> **31-5.1-8 Agreements.**
>
> *The provisions of this chapter shall apply to* all written or oral agreements between a manufacturer and a motor vehicle dealer including, but not limited to, the franchise offering; the franchise agreement; sales of goods, services, or advertising; leases of mortgages of real or personal property; promises to pay; security interests; pledges; insurance contracts; advertising contracts; construction or installation contracts; servicing contracts; and *all other agreements in which the manufacturer, wholesaler, or distributor has any direct or indirect interest.*

R.I. Gen. Laws § 31-5.1-8 (emphasis supplied).

The statute that sets the standard that the criteria for the cure period must be "reasonable" contemplates that the relationship would normally be between a "manufacturer" and a "dealer" but in this case the franchise is between Bald Hill, a dealer, and SNE, which calls itself a "distributor". See R.I. Gen. Laws § 31-5.1-4(d). SNE's reliance on the technical language of the statute should not avail SNE in avoiding state regulation, given the intention of the General Assembly to subject all persons operating in the Rhode Island auto market to its regulation. See R.I. Gen. Laws §§ 31-5.1-2; 31-5.1-8. If SNE wishes to challenge the state statute, and to challenge the Board's authority over SNE, then it should do so before the Board and before the courts of the State of Rhode Island, where these issues can be best addressed. This forum is not the appropriate forum under principles of federalism.

2. The Board exercises jurisdiction over franchise termination disputes and issues stays or "cease and desist" orders.

SNE has been subject to the Board's jurisdiction before, in a termination dispute, and was subject to a stay order issued by the Board, prohibiting it from terminating the franchise agreement between SNE and Bald Hill in the 1999 litigation between the parties over ownership interests. The Board has traditionally exercised jurisdiction over franchise termination disputes and neither the General Assembly nor the courts of the State of Rhode Island have declared that

the Board lacks jurisdiction. The statute creates a cause of action for a dealer aggrieved by a violation of the statute, and permits Bald Hill to seek relief before the Board or before the courts without limitation; but the statute does not forbid anyone from bringing claims before the Board. See R.I. Gen. Laws § 31-5.1-13. The Board has decided in the past, including in the 1999 proceedings between these parties and the Nissan case referenced in Bald Hill's Motion to Remand the related proceedings, that it has jurisdiction to hear franchise disputes. Bald Hill is unaware of any case in which the courts of the State of Rhode Island have interfered with the Board's jurisdiction where a dealer has brought an action before the Board against another party who derives a benefit from a franchise agreement, i.e., a manufacturer or distributor such as SNE.

The Board's own regulations grant it the power to issue "cease and desist" orders, as set forth in Bald Hill's Complaint and Amended Complaint in the related proceedings before the Board. See Complaint and Amended Complaint in the related proceedings. If SNE wishes to challenge the Board's statutory authority, it should do so in a proceeding before the Board, with a right of appeal to state court as provided by state law, rather than by seeking redress in the federal court. The state interests at hand, concerning the regulation of car companies within the Rhode Island consumer market, and the questions of law that SNE purports to raise, concerning the ability of the State of Rhode Island to regulate SNE, mandate a decision by a state-based tribunal.

3. Bald Hill has standing to file a complaint requesting termination or suspension of SNE's license.

SNE acknowledges that the Board has jurisdiction to revoke or suspend its license. See SNE's Memorandum in Support of Objection, Document 11, Page 22 of 28 ("Rather, the Board

may take action only to deny, suspend or revoke a distributor's license.") SNE argues against the license revocation proceeding on the grounds that Bald Hill did not have standing to commence the proceeding by filing a complaint. Bald Hill acknowledges that it is the Board, and not Bald Hill that has the power to revoke SNE's license, and SNE would surely acknowledge that hearings before any tribunal are usually commenced following the receipt of information, i.e., a complaint, presented by an interested party. Without the benefit of a complaint, a tribunal would have no way of knowing what circumstances exist that require its intervention. In this case, upon receipt of Bald Hill's complaint, the Board had the authority to take action upon it in the proper exercise of its jurisdiction and discretion, and still has it, but for SNE's removal the action, which requires remand.

***B. The Questions of State Law and the Risk of Inconsistent Results are Grounds for Abstention.***

SNE has argued that this Court could remand the related case and also proceed on this declaratory judgment action at the same time. SNE maintains that this Court could do so without addressing problematic questions of state law and without the risk of inconsistent results between the two proceedings; but this would be an unlikely result. The questions of state law, according to SNE's own argumentation, are problematic: SNE does not even acknowledge that the Board has jurisdiction over it as a distributor, despite SNE's major role in the Rhode Island automotive market. SNE also challenges the Board's ability to issue "stays" or cease and desist orders, as it has always done, even though the Board's own regulations permit it. Any genuine controversy over these and other issues regarding the Board's authority should be raised by SNE to the Board, and/or to the courts of the State of Rhode Island, in light of the importance to the Rhode

Island in maintaining a comprehensive and effective regulatory scheme for the motor vehicle market.

If proceedings were to take place in this Court and before the Board, then this Court would be faced with the additional risk of inconsistent results. The reasonableness of the criteria that SNE had set for Bald Hill would be decided by both fora, and if the decisions on its reasonableness were different, then an unfortunate and unnecessary conflict would result and the parties would have no resolution of the matter.

***C. SNE's Declaratory Judgment Action is Contrived Attempt to Secure a More Favorable Forum.***

SNE's decision to file first, and then to serve the complaint just prior to a settlement meeting, was contrived to interfere with Bald Hill's ability to seek relief before the Board. SNE's rejection of the Board as a forum is clear; and Bald Hill expects, in light of the evidence, that the Board would find that SNE is the offending party due to its failure to establish a reasonable criteria for Bald Hill. SNE's failure to do so is a violation of law, making Bald Hill the natural plaintiff. It was Bald Hill, not SNE, who filed for injunctive relief in the related proceeding, and it is Bald Hill, not SNE, that would suffer pecuniary harm from the termination of its franchise.

**CONCLUSION**

For all of the reasons set forth above, Bald Hill respectfully requests that this Court deny and dismiss SNE's complaint, or in the alternative, stay these proceedings pending their resolution before the Board in related proceedings.

Respectfully submitted,

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

/s/ Michael J. McEntee

Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that the foregoing Defendant's Reply to Objection to Motion to Dismiss was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 6th day of September, 2007:

Brent R. Canning bcanning@haslaw.com

Mitchell R. Edwards medwards@haslaw.com, jbourne@haslaw.com

Notice will be delivered by other means to:

Howard M. Cooper
Todd & Weld
28 State Street
31st. Floor
Boston, MA 02109

Heidi A Nadel
Todd & Weld LLP
28 State Street
31st Floor
Boston, MA 02109

/s/ Michael J. McEntee